IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

INSLEY EVANS, SR.,

      Plaintiff,

v.                                                                                                  No. 1:25-cv-00904-WJ-JFR

STATE OF KANSAS,
STATE OF NORTH DAKOTA,
STATE OF MONTANA and
Police Departments, Municipalities, and Officials to be Named,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 18, 2025. There are no factual allegations in the Complaint form. Where the form Complaint prompts plaintiffs to provide facts supporting their claims, Plaintiff wrote "See Attached Exhibit." There are 435 pages of documents attached to the Complaint. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

United States Magistrate Judge John F. Robbenhaar ordered Plaintiff to file an amended complaint not exceeding 50 pages and notified Plaintiff the amended complaint "must explain what each defendant did to him or her; when [each] defendant did it; how [each] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [each] defendant violated." Order at 2-3, Doc. 6, filed September 23, 2025 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)). Plaintiff's two-page Amended Complaint fails to state a claim upon which relief can granted. The Amended Complaint

alleges Plaintiff "was unlawfully arrested and prosecuted." Amended Complaint at 1, Doc. 7, filed October 15, 2025. The Amended Complaint does not explain what each Defendant did to Plaintiff and when they did it. The Court dismisses this case for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . .the action . . . fails to state a claim on which relief may be granted").

Judge Robbenhaar also notified Plaintiff the amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Order at 3 (citing Fed. R. Civ. P. 8(a). Plaintiff states the Court has federal question jurisdiction because "this case arises under the Constitution and laws of the United States." Amended Complaint at 1. There are, however, no allegations showing that the Court has jurisdiction over Plaintiff's claims against the States of Kansas, North Dakota and Montana.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). The Court dismisses Plaintiff's claims against the States of Kansas, North Dakota and Montana

for lack of jurisdiction because there are no allegations showing that any of the three exceptions to Eleventh Amendment immunity apply in this case.

Judge Robbenhaar also notified Plaintiff:

It appears the District of New Mexico is not the proper venue for this action. The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

Order at 3-4. Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case for improper venue or transfer this case to another district and notified Plaintiff the amended complaint "must contain factual allegations showing where each Defendant resides [and] where the events and omissions giving rise to Plaintiff's claims occurred." Order at 4. Plaintiff states "Venue is proper in this District under 28 U.S.C. § 1391, as a substantial portion of the events occurred within this jurisdiction." Amended Complaint at 1. The Court dismisses this case for improper venue because there are no factual allegations showing that the acts of Defendants occurred in the District of New Mexico and Plaintiff has not shown that it is in the interest of justice to transfer this case to another district.

Finally, Plaintiff "brings this action on behalf of a proposed class consisting of all individuals who have been subjected to unlawful arrests, malicious prosecutions, slander, and defamation by Defendants within the relevant jurisdictions." Amended Complaint at 2. The Court dismisses the claims Plaintiff is bringing on behalf of the proposed class because Plaintiff, who is not an attorney authorized to practice in this Court, cannot bring claims on behalf of other persons. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**